IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PAMELA SUE ABREU, JAMES ADRIAN ABREU, JOHN A. MYERS, LOU MYERS, DONNIE ADKINS, GILBERT PAUL VALENCIA, CHARLIE C. TRUJILLO, Trustee of Charlie C. Trujillo and in his individual capacity, JACOB E. CORNELIUS, TARA L. HORNUNG, DOUGLAS OSTROFF, MARISOL MIRANDA GREENE, MONTE APLANDO ACEQUIA, also known as La Acequia del Monte Aplanado,

Plaintiffs,

vs. No. CIV 26-2300 JB/JFR

FEDERAL EMERGENCY MANAGEMENT AGENCY,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiffs' Emergency Motion for Temporary Restraining Order, Stay of Agency Action Under 5 U.S.C. § 705, and Preliminary Injunction, filed July 16, 2026 (Doc. 2)("TRO Motion"). The Court holds a hearing on July 27, 2026. See Clerk's Minutes at 1, filed July 27, 2026 (Doc. 7). The primary issue is whether the Court should enter a temporary restraining order pursuant to 5 U.S.C. § 705 of the Administrative Procedure Act, 5 U.S.C. §§ 551-559, 701-706 ("APA") enjoining the Defendant, Federal Emergency Management Agency ("FEMA"), from enforcing the August 3, 2026 deadline to request to reopen qualifying Hermit's Peak/Calf Canyon Fire Assistance Act, Pub. L. No. 117-180, § 104, 136 Stat. 2114 (2022)("Hermit's Peak Act") claims. The Court denies the Plaintiffs' request for a TRO pursuant to 5 U.S.C. § 705 of the APA enjoining FEMA from enforcing the August 3, 2026 deadline, because the Plaintiffs do not make the showing of irreparable harm necessary for a

TRO.

## ANALYSIS

Section 705 authorizes courts to "issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings." 5 U.S.C. § 705. The four factors that courts apply to determine whether to issue a TRO under rule 65(a) of the Federal Rules of Civil Procedure "also determine when a court should grant a stay of agency action under Section 705 of the APA." Colorado v. United States Env't Prot. Agency, 989 F.3d 874, 883 (10th Cir. 2021). Accordingly, the moving party must demonstrate four items: "(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." RoDa Drilling Co. v. Siegal, 552 F.3d 1203, 1208 (10th Cir. 2009)(citing Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008)). In considering the balance of equities, "[t]he third and fourth factors 'merge' when, like here, the government is the opposing party." Aposhian v. Barr, 958 F.3d 969, 978 (10th Cir. 2020)(overruled on other grounds)(quoting Nken v. Holder, 556 U.S. 418, 435 (2009)).

### I. THE PLAINTIFFS CANNOT DEMONSTRATE THE NECESSARY IRREPARABLE HARM.

The Court begins with the irreparable harm analysis, because "'a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, [therefore] the moving party must first demonstrate that such injury is likely before the other requirements' will be considered." First W. Cap. Mgmt. Co. v. Malamed, 874 F.3d 1136, 1141 (10th Cir. 2017)(quoting Dominion Video Satellite, Inc. v. Echostar Satellite Corp., 356 1256, 1260 (10th Cir. 2004)). "[I]rreparable harm" is "harm that cannot be undone, such as by an award of compensatory damages or otherwise." Salt Lake Trib. Pub. Co., LLC v. AT & T Corp., 320 F.3d

1081, 1105 (10th Cir. 2003).

FEMA establishes, as part of their regulations, a rule that permits claimants to request to reopen their claims after claimants file a Release and Certification.

> Section 11.1 of the Policy Guide explains that "[t]he Claims Office Director may reopen a claim after the claimant has filed [a Release and Certification] and received payment if requested to do so by the claimant for good cause . . . . no later than the deadline established by the Director of the Claims Office as published in the Federal Register to reopen the claim."

Federal Emergency Management Agency's Opposition to Petitioner's Motion for Emergency Relief at 5-6, filed July 25, 2026 (Doc. 5)("Response")(quoting Hermit's Peak/Calf Canyon Claims Program and Policy Guide, Version 2.0, Effective August 8, 2025, FEMA, https://www.fema.gov/sites/default/files/documents/fema_hpcc-hermits-peak-calf-canyon_program-and-policy-guide.pdf. ("Policy Guide")). On June 3, 2026, FEMA publishes a Notice in the Federal Register, establishing August 3, 2026, as the deadline to submit reopen requests. See Hermit's Peak/Calf Canyon Fire Assistance, 91 Fed. Reg. 33187-01. This deadline is the challenged agency action that the Plaintiffs ask the Court to enjoin.

The Plaintiffs argue that they will face irreparable harm if the deadline is to go into effect, because they will lose "the reopening mechanism and the opportunity to invoke that mechanism before claimants can know whether reopening is necessary." TRO Motion at 13. The Plaintiffs further maintain that, "when August 3 passes, there is no appeal or arbitration mechanism to restore what is lost, and any later judicial remedy would be uncertain and inadequate to prevent the immediate forfeiture." TRO Motion at 13. The Court disagrees with the Plaintiffs' argument. At the hearing, the Plaintiffs identify as irreparable the timeliness of their reopening requests, arguing that FEMA's regulation requires both that a claimant show good cause and that the claimant's request to reopen a claim be timely for the Claim Director's Office to grant a reopening request.

See Transcript of Hearing at 10:3-4 (taken July 27, 2026)(Cloud)("Tr.").[1] According to the Plaintiffs, if the August 3, 2026, deadline goes into effect, the Plaintiffs, should they desire to file a reopen request in the future, will never be timely as the regulation requires, and the deadline effectively will bar the Plaintiffs from ever filing a reopening request. See Tr. at 10:9-13 (Cloud). In so arguing, the Plaintiffs state that "[m]oney damages later cannot restore the lost opportunity to request reopening before FEMA declares the window closed." TRO at 14.

The Court agrees with the Plaintiffs that money damages are too uncertain to rectify the injury to the Plaintiffs, if they lose the ability to reopen claims after August 3, 2026. An injury is also not irreparable, however, if the court can cure the plaintiff's injury at the litigation's conclusion through some traditional legal remedy other than money damages.

> To show a threat of irreparable harm, a plaintiff must demonstrate "a significant risk that he or she will experience harm that cannot be compensated after the fact by money damages." RoDa Drilling Co. v. Siegal, 552 F.3d 12013, 1210 (10th Cir. 2009). Irreparable harm also occurs if "the district court cannot remedy [the injury] following a final determination on the merits." Prairie Band of Potawatomi Indians v. Pierce, 253 F.3d 1234, 1250 (10th Cir. 2001).

Fish v. Kobach, 840 F.3d 710, 751 (2016)(emphasis added). The Plaintiffs seek, as substantive relief, for the Court to vacate and set aside under 5 U.S.C. § 706(2)(A), (C), the August 3, 2026, deadline to request to reopen a claim. See Verified Complaint for Declaratory and Injunctive Relief at 21, filed July 16, 2026 (Doc. 1). If the Court, at the conclusion of litigation, rules for the Plaintiffs and vacates the August 3, 2026 deadline under APA § 706(2), the Plaintiffs will be able to reopen their claims, should they wish to reopen them, because their reopen requests no longer will be untimely; the requirement that claimants request to reopen a claim by August 3, 2026, no longer

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

will be in effect and will not present a barrier to the claimants' ability to reopen claims.[2] Accordingly, the injury which the Plaintiffs allege, the loss of the ability to invoke the reopening mechanism, is reparable at the conclusion of the litigation. See Tr. at 10:14-19 (Court, Cloud)("But if [the reopen deadline] is declared arbitrary and capricious down the road, how are you harmed?" "Your Honor, that essentially undoes everything, if Your Honor has the ability to do that and essentially undo the timeliness argument, then there wouldn't be."). Because the Plaintiffs do not demonstrate irreparable harm, the Court does not grant the TRO Motion. The Court declines to reach the remaining factors for preliminary relief under APA § 705, having already found that the TRO cannot issue under the irreparable harm factor. See Winter, 555 U.S. at 22 ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.").

**IT IS ORDERED** that: (i) the Plaintiffs' Emergency Motion for Temporary Restraining Order, Stay of Agency Action Under 5 U.S.C. § 705, and Preliminary Injunction, filed July 16, 2026 (Doc. 2), is denied; and (ii) a hearing on the Plaintiffs' request for a preliminary injunction is

---

[2] Although the parties have not discussed this possibility, the Court can envision a scenario in which this harm becomes irreparable; if FEMA, during the course of the litigation, decides to shut down the reopening program entirely, then the Court will not be able to provide the Plaintiffs with relief at the end of litigation by vacating the August 3, 2026, deadline, because the Plaintiffs will no longer be able to file to reopen a claim, regardless whether their filing is timely. FEMA, however, has given no indication that it plans to shut down permanently a claimant's ability to file to reopen a claim, and, therefore, the Court concludes that there is no irreparable harm here. The Court's speculation on its own is not a sound basis for the Court to grant a TRO. Further, a TRO enjoining the August 3, 2026, deadline to file to reopen a claim would not resolve the injury that would result if FEMA shuts down entirely the ability to reopen a claim. Then, it would not matter whether the filing was timely, if FEMA negates the claimants' ability to reopen a claim at all. The Plaintiffs would have to bring a separate challenge to a separate FEMA action than the FEMA action that the Plaintiffs challenge in this TRO Motion to resolve their new injury. Perhaps FEMA at the preliminary injunction hearing will be willing to commit to not getting rid of the reopen program while this litigation is ongoing.

set for August 18th at 10:00 a.m.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Antonia Roybal-Mack
Francheska Bardacke
Roybal-Mack & Cordova, P.C.
Albuquerque, New Mexico

--and--

Ian Cloud
Robins Cloud LLP
Houston, Texas

*Attorneys for the Plaintiffs*

Todd Blanche
Acting United States Attorney General
Ryan Ellison
First Assistant United States Attorney
Nicholas Sydow
Rafael Go
Carrie Yang
Assistant United States Attorneys
United States Attorney's Office, United States Department of Justice
Albuquerque, New Mexico

*Attorneys for the Defendants*